UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:06CV-86-M**

**OLES DROBOCKY, D.M.D., ET AL.**                                                        **PETITIONERS**

**V.**

**BOWLING GREEN MUNICIPAL UTILITIES, ET AL.**                           **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Separate Motions to Dismiss by Respondents, Bowling Green Municipal Utilities ("BGMU") and Warren Rural Electric Cooperative Corporation ("WRECC")[DN 6], and Respondent, Tennessee Valley Authority ("TVA")[DN 5]. On August 24, 2006 an oral argument was held in the matter. After hearing oral arguments and being fully briefed by all parties, the matters are ripe for decision. For the reasons discussed below, Respondent TVA's motion is **GRANTED** and this matter is remanded to state court.

**I. BACKGROUND**

The Petitioners in this case are an investment firm and a group of 39 property owners whose land may be condemned if Respondents go forward with a proposed plan to connect transmission lines to a new BGMU substation. Originally, petitioners filed for a declaration of rights in Warren Circuit Court, naming BGMU and WRECC as Respondents. In Warren Circuit Court, BGMU and WRECC made a joint motion to dismiss the claim for failure to

join an indispensable party and lack of a justiciable controversy. In the hearing on the matter, Petitioners' attorneys offered to add TVA and the court did not address whether the issue was justiciable. Once TVA was added, it removed the case to this Court.

The Petitioners oppose a proposed transmission line route, called Route 11, running through Petitioners' neighborhood to serve a new BGMU substation. Under the development plan for the new substation, the transmission lines would be built and maintained by TVA. The decision to build a new substation was based, in part, on a joint electrical needs assessment study administered by TVA and BGMU. The Petitioners seek a judgment that states the TVA/ BGMU study was flawed and BGMU and WRECC have the capacity to serve the power needs of the Bowling Green, Kentucky area without building a new substation. Route 11 is one of several alternative routes proposed by TVA to supply the new substation with power. Plaintiffs submit that one of the other alternative routes would be less burdensome on their neighborhood and local elementary school.

TVA has moved to dismiss this matter arguing that no final decision has been made to adopt Route 11. According to TVA, environmental studies on the proposed area are still being conducted. If TVA chooses Route 11, TVA would begin condemnation proceedings that it estimates would not begin until the winter of 2006. TVA's position is that the condemnation proceeding is the proper forum for Petitioners' concerns, not a declaratory judgment action. See Fed. R. Civ. P. 71A. TVA submits that until the notices are sent identifying that property is to be condemned, there is no justiciable controversy. The Petitioners disagree and argue that the advantage of hearing the matter at this stage prevents

some 39 separate suits that would arise after the notices are sent and the condemnation process begins.

## II.  LEGAL STANDARD

Upon a motion to dismiss for failure to state a claim, the Court must construe the complaint in a light most favorable to the petitioners, accept all the factual allegations as true, and determine whether the petitioners undoubtedly can prove no set of facts in support of their claim that would entitle them to relief.  Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251 (1997).  A motion to dismiss tests whether the petitioners have stated a claim for which the law provides relief.  Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

## III.  DISCUSSION

Federal Rule of Civil Procedure 71A sets forth the proper procedures to be utilized in condemnation procedures in an eminent domain context.  The rule makes no reference to a declaratory judgment action.  Fed. R. Civ. P. 71A (a)-(l).  Specifically, Rule 71A (e) would allow Petitioners to answer and argue against condemnation after receiving notice of the government authority's complaint for condemnation.  See Travis v. Pennyrile Elec. Coop. & TVA, 399 F.2d 726 (6th Cir. 1968); Gen. Drivers, Warehouseman & Helpers Local Union No. 89 v. Chandler, 968 S.W.2d 680 (Ky. App. 1998).  Respondent TVA insists that the condemnation procedures laid out in Rule 71A should be followed and any action taken prior to the condemnation procedures are premature.  The Court agrees.

Petitioners attempt to distinguish their current action from condemnation proceedings

3

by stating that they do not challenge TVA's authority to condemn property, but seek a declaration of rights to challenge the underlying purpose of the project and the data that supports it. Petitioners argue that TVA and BGMU have acted arbitrarily and capriciously in selecting the route and cite cases that allowed landowners to challenge placement of transmission lines. It should be noted that all of Petitioners' cited cases were challenges within a condemnation proceeding.

The Court is unpersuaded by Petitioners' attempt to paint this case as anything but a direct challenge to TVA's ability to condemn property. The Petitioners are bringing this declaratory judgment action to avoid the condemnation of their properties. TVA has yet to make any final decision as to the transmission line route and no condemnation action has been filed. Thus, there is no present case or controversy existing to provide subject matter jurisdiction for Petitioners' declaratory judgment action against TVA. Therefore, Petitioners' suit must be dismissed against TVA.

Where, as in this case, the federal party is eliminated after removal and the case is in its infancy, remand to state court is appropriate. United Mine Workers v. Gibbs, 383 U.S. 715 (1966); 28 U.S.C. § 1367(c)(3). The Court therefore remands the case to the Warren Circuit Court to decide the state law claims between Petitioners and Respondents, BGMU and WRECC.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Respondent TVA [DN 5] is **GRANTED**. It is **FURTHER ORDERED** that the Petitioners'

remaining claims against Respondents BGMU and WRECC are **REMANDED** to the Warren Circuit Court.

cc: Counsel of Record

U:\documents\TVAdismiss106cv86.wpd